IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-02319-CMA

DARNELL PITTMAN, SR.,

    Plaintiff,

v.

JACK FOX, Warden,

    Defendant.

___

**ORDER**
___

This matter is before the Court upon Applicant Darnell Pittman, Sr.'s Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Application"). (Doc. # 1.) United States Magistrate Judge Gordon P. Gallagher issued an Order to Show Cause directing Respondent Jack Fox to show cause why the Application should not be granted on January 15, 2018. (Doc. # 20.) Respondent filed a Response to the Order to Show Cause on February 5, 2018.[1] (Doc. # 21.)

This Court has carefully considered the Application, related briefing, the case file, and the applicable law, and has determined that a hearing would not materially assist in

---

[1] Applicant requested an extension of time to reply to Respondent's Response to the Order to Show Cause (Doc. # 27), which the Court denied on March 15, 2018 (Doc. # 28). The Court explained that its Order to Show Cause (Doc. # 20) required only Respondent to respond. (*Id.*) Applicant requested reconsideration of the Court's denial. (Doc. # 30.) Applicant also filed an untimely Reply to Respondent's Response to the Order to Show Cause on April 6, 2018. (Doc. # 32.) The Court declines to consider Applicant's untimely Reply (*id.*), as it denied Applicant's previous request for an extension of time to file such a reply.

the Court's disposition of the Application. For the following reasons, the Court DENIES the Application.

## I.     BACKGROUND

Applicant is a federal prisoner currently incarcerated at the Federal Correction Institution, Administrative Maximum Facility ("ADX") in Florence, Colorado. (Doc. # 1 at 1.)

On December 18, 2015, while incarcerated at the United States Penitentiary in Coleman, Florida, Applicant was issued Incident Report No. 2795717 (the "Incident Report"), in which Applicant was accused of violating Code 203 for "threatening another with bodily harm." (*Id.* at 2); *see* (Doc. # 21-3 at 2.) The Incident Report alleged that earlier that same day, Applicant had refused to release his hand restraints and had been verbally abusive towards penitentiary staff.[2] (Doc. # 21 at 2.) When the Incident Report was delivered, Applicant was advised of his rights and given the opportunity to make a statement to the investigating officer. (Doc. # 21-3 at 3.) Applicant responded, "I did not threaten that man, I said he was big and I give him what he is looking for." (*Id.*) Applicant did not provide additional information and did not request any witnesses. (*Id.*) The matter was referred to the Unit Disciplinary Committee ("UDC") for further processing. (*Id.*)

Applicant was brought before the UDC on December 21, 2015, and was given a copy of the Notice of Disciplinary Hearing before the Disciplinary Hearing Officer

---

[2] The Incident Report contained a statement from a Senior Officer Specialist, in which the officer stated that he heard Applicant yell, "You're fucking with the wrong one! Go ask Washburn about fucking with me! I'll do the same thing to you that I did to Wasburn [sic]! You ain't that big, go ahead and roll that door and come in this cell!" (Doc. # 21-3 at 4.)

2

("DHO") and a written notice of his rights at the disciplinary hearing. (Doc. # 21 at 2.) Applicant requested that a staff representative and three witnesses be present at the hearing. (*Id.*); *see* (Doc. # 1 at 2–3.)

On January 13, 2016, DHO Aaron Rich conducted the disciplinary hearing. (Doc. # 21 at 2–3.) DHO Rich submitted an affidavit in support of Respondent's Response to the Order to Show Cause, testifying that during the hearing, he "reviewed Applicant's due process rights with him, including his right to call witnesses and his right to request a staff representative. Applicant confirmed he understood his rights and that he had initially requested both witnesses and a staff representative." (Doc. # 21-1 at 4); *see also* (Doc. # 21-3 at 6–7.) DHO Rich recounted that "during this portion of the DHO hearing, Applicant elected to waive his requested staff representative as well as his witnesses." (Doc. # 21-1 at 4.) At Applicant's request and on his behalf, DHO Rich wrote at the bottom of the Notice of Disciplinary Hearing, "I request to waive the staff rep and witness above." (*Id.*) Applicant signed the revised form. (*Id.*); (Doc. # 21-3 at 9.) DHO Rich testified that Applicant stated during the hearing that the reporting officer was "lying." (Doc. # 21-3 at 7.) DHO Rich concluded that Applicant had violated Code 203 by threatening another with bodily harm. (*Id.*) He imposed the following sanctions on Applicant for his violation of Code 203: the loss of 27 days of good conduct time, and 60 days of disciplinary segregation. (Doc. # 21-1 at 5.)

In his Application, Applicant contends that he was not present for any disciplinary hearing before DHO Rich on January 13, 2016. (Doc. # 1 at 3.) Applicant alleges that "DHO Rich did not notify and inform [Applicant] as to the justified rationale behind [him]

not being able to attend and participate in the said hearing." (*Id.*) He further alleges that DHO Rick prepared and presented a report rife with false assertions "with the clear intent to impede, obstruct, and influence the investigation and proper administration of the matter before the appellant review board. (*Id.*)

In response to Applicant's allegation, DHO Rich averred that Applicant's "statements are not truthful and are an attempt to question his presence, participation, statement, and waiver. Plaintiff was present not only at the 'onset' of the DHO hearing, but for the entire DHO hearing." (*Id.*)

## II. <u>LEGAL STANDARD</u>

### A. 28 U.S.C. § 2241

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitions for habeas corpus made pursuant to Section 2241 "are used to attack the execution of a sentence," whereas petitions made pursuant to Sections 2254 and 2255 "are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief pursuant to Section 2241 may be warranted if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A habeas petition under 28 U.S.C. § 2241, brought in the district where the inmate is confined, is a proper vehicle for challenging the loss of good-time credits." *Bornman v. Berkebile*, No. 14-cv-01997-MJW, 2014 WL 5396169, at *2 (D. Colo. Oct. 23, 2014) (citing *Howard v. U.S.*

*Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007)); *see also McIntosh*, 115 F.3d at 811–12.

A habeas petitioner "is entitled to receive an evidentiary hearing so long as his allegations, if true and if not contravened by the existing factual record, would entitle him to habeas relief." *Miller v. Champion*, 161 F.3d 1249, 1253 (10th Cir. 1998); *see also United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996) ("In response to a [28 U.S.C.] § 2255 motion, the district court must hold an evidentiary hearing on the prisoner's claims unless the motion and files and records in the case conclusively show that the prisoner is entitled to no relief." (quotations omitted)); *Wilson v. Oklahoma*, 335 F. App'x 783, 784 (10th Cir. 2009) (finding no error where district court denied applicant evidentiary hearing on 28 U.S.C. § 2241 petition where "nothing in the record [ ] indicate[d] [the applicant] is entitled to any relief").

### B. DUE PROCESS FOR DISCIPLINARY PROCEEDINGS

"It is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (citing *Taylor v. Wallace*, 931 F.2d 698, 700 (10th Cir. 1991)). The Supreme Court has held, however, that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To meet the standards of due process in a disciplinary proceeding under *Wolff*,

> the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and

5

> correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendant, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Additionally, "where the inmate is illiterate or 'the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case,'" due process also requires that the inmate be provided with the aid of a staff representative. *Jordan v. Wiley*, No. 06-cv-02090-WYD, 2009 WL 1698509, *9 (D. Colo. June 17, 2009) (quoting *Wolff*, 418 U.S. at 570).

These due process requirements for a disciplinary hearing are satisfied if "**some evidence** supports the decision by the prison disciplinary board to revoke good time credits." *Hill*, 472 U.S. at 455 (emphasis added); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Under this "some evidence" standard, "it is sufficient that there was some evidence from which the conclusion of the administrative tribunal could be deduced and that it committed no error so flagrant as to convince a court of the essential unfairness of the [proceeding]." *United States ex rel. Vajtauer v. Comm'r of Immigration*, 273 U.S. 103, 106 (1927); *see also Hill*, 472 U.S. at 455–56 ("the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Hill*, 472 U.S. at 455.

Errors made by prison officials in failing to satisfy these due process requirements are subject to harmless error review. *Farrakhan-Muhammad v. Oliver*,

688 F. App'x 560, 564–65 (10th Cir. 2017) (citing *Grossman v. Bruce*, 447 F.3d 801, 805 (10th Cir. 2006) (holding that the prison official's error in denying witness testimony was subject to harmless error review)).

**C.    *PRO SE* LITIGANTS**

The Court acknowledges that Applicant is proceeding *pro se*. "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)). "The *Haines* rule applies to all proceedings involving a *pro se* litigant." *Id.* at 1110 n.3. The Court, however, cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

### III.    ANALYSIS

Applicant's sole claim alleges a procedural due process violation. (Doc. # 1 at 2.) He claims that DHO Rich violated his constitutional rights at the DHO hearing on January 13, 2016, because DHO Rich: (1) did not afford Applicant "the right to be present" at the hearing; and (2) did not afford Applicant "the right to make a statement, call witnesses, or be represented by a staff [representative]" during the hearing. (*Id*. at 6–7.)

### A.  APPLICANT'S PRESENCE AT THE DHO HEARING

At the outset, the Court rejects Applicant's assertion that DHO Rich denied him of the right to be present at his disciplinary hearing on January 13, 2016.[3] *See* (*id.* at 6.) Applicant argues that the facility's Special Housing Unit visitor logbook does not reflect that DHU Rich entered the unit on January 13, 2016, or any weekday that week. (*Id.* at 3.) "Therefore," Applicant writes, "it would have been virtually impossible for [DHO] Rich to have conducted a hearing in a location of the federal facility that records do not account for his presence on said asserted date and time." (*Id.*) Applicant fails to provide any documentary evidence to support this allegation.

Respondent offers far more than the requisite "some evidence" that Applicant was present at his DHO hearing on January 13, 2016. DHO Rich testified that Applicant "was present not only at the 'onset' of the DHO hearing, but for the entire DHO hearing." (Doc. # 21-1 at 5.) Moreover, DHO Rich's report, written one week after the hearing, stated clearly that he had exchanges with Applicant at the hearing and quoted Applicant's statements at the hearing (e.g., "You denied the charges to the DHO and stated, 'He is lying'."). (Doc. # 21-3 at 7.) Finally, Plaintiff's signature appears after DHO Rich's revision to the Notice of Discipline Hearing, (*id.* at 9), which DHO Rich explained that Applicant had requested be made at the hearing (Doc. # 21-1 at 4.)

The Court has no reason, nor does Applicant suggest any reason, to believe that DHO Rich's testimony and the accompanying documentary evidence are not credible.

---

[3] Applicant is correct that he had the right to be present at the hearing; this is derived from *Wolff*'s second requirement that an inmate have an opportunity "to call witnesses and present documentary evidence in his defense." *Hill*, 472 U.S. at 454.

Applicant fails to persuade the Court that he was denied the opportunity to participate in his DHO hearing on January 13, 2016.  The Court finds no due process violation.

**B.    APPLICANT'S WAIVER OF HIS RIGHT TO CALL WITNESSES AND PRESENT DOCUMENTARY EVIDENCE IN HIS DEFENSE**

The Court also rejects Applicant's argument that he was deprived of his due process rights because DHO Rich did not afford him "the right to make a statement, call witnesses, or be represented by a staff representative."  (Doc. # 1 at 6.)  Aside from the allegation described above about the visitor logs as evidence that he was not present at the hearing, Applicant does not make any factual allegations or put forth any evidence in support of this argument.

The Court is satisfied that Applicant was not deprived of his right under *Wolff* to "to call witnesses and present documentary evidence in his defense."  *See Hill*, 472 U.S. at 454.  The Court credits DHO Rich's testimony that once at the DHO hearing, Applicant "elected to waive his requested staff representative as well as his witnesses." (Doc. # 21-1 at 4.)  DHO Rich testified:

> At the bottom of the Notice of Discipline Hearing before the DHO form, per Applicant's request, I wrote for Applicant, "I request to waive the staff rep and witness above."  Applicant signed the revised form and informed me that he was ready to proceed with the DHO hearing.  As such, Applicant did not request a staff representative, nor did he request any witnesses at that time.

(*Id.*)  The Notice of Disciple Hearing form confirms DHO Rich's testimony; it includes a hand-written revision in blue ink ("I request to waive the staff rep and witness above") and Applicant's signature below in a different handwriting style and in black ink.  *See* (Doc. # 21-3 at 9.)  The record thereby refutes Applicant's conclusory assertion that he

9

was denied the opportunity to call witnesses and have a staff representative. *See Mitchell*, 80 F.3d at 1445 (rejecting an inmate's argument that he was not permitted to call witnesses and present evidence on his behalf where the inmate had signed a form waiving his right to do so).

As with Applicant's first argument, the Court has no reason to doubt the credibility of DHO Rich and the supporting evidence and finds no due process violation. There is unquestionably "some evidence" to support DHO Rich's conclusion.

## IV. CONCLUSION

Therefore, the Application for Writ of Habeas Corpus (Doc. # 1) is DENIED and the case dismissed. It is

FURTHER ORDERED that Applicant's Request for Leave to File Supplemental Pleading (Doc. # 29) is DENIED. It is

FURTHER ORDERED that Applicant's Request for Reconsideration for an Extension of Time to Submit a Rebuttal Response (Doc. # 30) is DENIED. It is

FURTHER ORDERED that Applicant's Request for Leave to File Equitable Tolling (Doc. # 31) is DENIED.

DATED: April 16, 2018

BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
United States District Judge